**James L. TAYLOR, Plaintiff—Appellant,**

v.

**Rosemary SEALS, Defendant—Appellee.**

No. 04–17047.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 24, 2005.

James L. Taylor, Lovelock, NV, pro se.

Julie Slabaugh, DAG, Janet E. Traut, Office of the Nevada Attorney General, Carson City, NV, for Defendant–Appellee.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Nevada state prisoner James L. Taylor appeals pro se the district court's summary judgment in favor of Associate Warden Rosemary Seals in his 42 U.S.C. § 1983 action alleging violations of the First and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Delta Savings Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment on Taylor's free exercise of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

religion claim because Taylor failed to raise a triable issue of fact. *See Jeffers v. Gomez,* 267 F.3d 895, 915 (9th Cir.2001) (section 1983 supervisory liability arises only upon a showing of personal participation by defendant); *Freeman v. Arpaio,* 125 F.3d 732, 736 (9th Cir.1997) ("In order to establish a free exercise violation, [the prisoner] must show the defendants burdened the practice of his religion, by preventing [the prisoner] from engaging in conduct mandated by his faith . . .").

The district court properly granted summary judgment on Taylor's equal protection and due process claims because he failed to submit evidence showing a triable issue of fact regarding either claim. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir.2002) (stating self-serving uncorroborated testimony does not create a genuine issue of material fact for trial).

The district court did not abuse its discretion in denying Taylor leave to amend his complaint after the filing of the magistrate judge's report recommending that defendant's motion for summary judgment be granted. *See Schlacter–Jones v. Gen. Tel. of Cal.,* 936 F.2d 435, 443 (9th Cir. 1991) ("A motion for leave to amend is not a vehicle to circumvent summary judgment.") (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.,* 255 F.3d 683, 692–93 (9th Cir.2001) (en banc).

AFFIRMED.